Robert D. Prine (312432)
robert.prine@dinsmore.com
DINSMORE & SHOHL LLP
655 W Broadway, Suite 800
San Diego, CA 92101
Ph: (619) 400-0500
Fx: (619) 400-0501

Attorney for Defendant
UNITED PARCEL SERVICE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ITZEL MENDEZ, <br><br> Plaintiff, <br><br> v. <br><br> UNITED PARCEL SERVICE, INC., ANGEL (LAST NAME UNKNOWN), and DOES 1 to 100, INCLUSIVE, <br><br> Defendants. | Case No.: <br><br> **NOTICE OF REMOVAL** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Dept.: TBD <br> Judge: TBD <br> Complaint Filed: November 17, 2023 <br> Trial Date: Not Yet Set |

United Parcel Service, Inc. (hereinafter "Defendant" or "UPS"), by counsel and pursuant to 28 U.S.C. sections 1332, 1441, and 1446, hereby gives notice of the removal of the above-styled action to this Court. In support of its Notice of Removal, Defendant states as follows:

## THE STATE COURT ACTION

1. On November 17, 2023, Plaintiff Itzel Mendez ("Plaintiff") filed a complaint against Defendant in the Superior Court of Los Angeles, California in the matter entitled *Itzel Mendez v. United Parcel Service, Inc, Angel (Last Name Unknown) and DOES 1-10,* Case No. 23STCV28207(the "State Court Action"). In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint, summons, and all

1
NOTICE OF REMOVAL

process and pleadings, which were deemed served upon Defendant in the State Court Action on November 21, 2023, are attached hereto as **Exhibits A – C**.

2.　　While Defendant contends that the allegations in Plaintiff's Complaint lack merit, Plaintiff alleges the following causes of action against Defendant: (1) discrimination on basis of sex/gender in violation of the Fair Employment and Housing Act ("FEHA"); (2) sexual harassment in violation of the FEHA; (3) retaliation for complaining of discrimination and/or harassment on the basis of sex/gender in violation of the FEHA; (4) failure to prevent discrimination, harassment, and retaliation in violation of the FEHA; (5) negligent hiring, supervision, and retention; (6) violation of Labor Code § 1102.5; (7) wrongful constructive termination of employment in violation of public policy (Labor Code § 1102.5, FEHA); and (8) intentional infliction of emotional distress.  *See* Ex. B, Complaint, at ¶¶ 17-65.  Defendant answered the Complaint on December 19, 2023.  *See* Ex. D.

3.　　No further proceedings have occurred in the State Court Action.

4.　　To the best of Defendant's knowledge, although fictitious "Doe" Defendants are listed on the Complaint, no other defendants, including Angel [Last name unknown] have been properly named or served with the Complaint. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

5.　　Defendant United Parcel Service, Inc. was served with, and actually received copies of the State Court Action on November 21, 2023, within thirty (30) days of this Notice of Removal.

## **REMOVAL PROCEDURES AND VENUE**

6.　　This Notice of Removal is filed within thirty (30) days of Defendant's notice of the lawsuit and is timely filed in accordance with 28 U.S.C. § 1446(b). Furthermore, this Notice of Removal is filed less than one (1) year from the commencement of this action pursuant to 28 U.S.C. § 1446(c)(1).

/ / /

7.     In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice to Plaintiff.

8.     Pursuant to 28 U.S.C § 1446(d), Defendant will also file a duplicate copy of this Notice with the Clerk of the Superior Court for Orange, California.

9.     In accordance with 28 U.S.C. § 1446(b), venue is properly placed in the United States District Court for the Central District of California – Western Division because it is the district court for the district and division where the State Court Action is pending (Superior Court for the State of California, County of Los Angeles).

10.     Further, this action is not an action made non-removable by 28 U.S.C. § 1445(c).

## BASIS FOR REMOVAL

11.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction, as this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## COMPLETE DIVERSITY OF CITIZENSHIP

12.     Plaintiff is an individual domiciled in the state of California. *See* Ex. B, Complaint, at ¶ 1. Therefore, based on Plaintiff's Complaint, Plaintiff was and is a citizen of the State of California when this action was filed in state court, at the time of removal, and at all other times throughout the pendency of this case, and is therefore a citizen of California within the meaning of 28 U.S.C. § 1332.

13.     For the purposes of diversity jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. Defendant United Parcel Service, Inc. is a corporation incorporated in the state of Ohio with a principal place of business located in Atlanta, Georgia. Accordingly, Defendant United Parcel Service, Inc. is a citizen of the state of Ohio and the state of Georgia.

14.     On information and belief, United Parcel Service, Inc. is the only defendant who has been served in the State Court Action. Although Plaintiff names an

individual "Angel," and claims he is a resident of California, Plaintiff does know the last name of this person.  Thus, the so-called "forum defendant rule" does not bar removal here because "Angel" has not been "properly joined *and* served."  28 U.S.C. § 1441(b)(2)(emphasis added); *see, e.g.*, *Harrison v. Sonesta Int'l Hotels Corp.*, Case No. 2:23-cv-04867, 2023 U.S. Dist. LEXIS 146800, at *5 (C.D. Cal. Aug. 18, 2023) (". . . the plain text of § 1441(b)(2) authorizes removal when diversity jurisdiction exists and the forum defendant has not been 'properly joined and served.'"); *Dechow v. Gilead Scis., Inc.*, 358 F. Supp. 3d 1051, 1055 (C.D. Cal. 2019) (". . . the Court adopts the plain language interpretation of § 1441(b)(2) which requires a party to be properly joined *and* served before the forum defendant rule may limit the Court's jurisdiction.").

15.     In determining whether a civil action is removable on the basis of jurisdiction arising under 28 U.S.C. § 1332, the citizenship of defendant sued under fictitious names, such as John Doe, is disregarded. See U.S.C. § 1332(b)(1).

16.     Based on the foregoing paragraphs, the requirement of complete diversity of citizenship is satisfied in this case.

## COMPLETE DIVERSITY OF CITIZENSHIP

17.     A cause of action may be removed where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2); *Matheson v. Progressive specialty ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

18.     Here, Plaintiff seeks, *inter alia*, general and special (economic and non-economic) damages, exemplary (punitive) damages, prejudgment interest, and attorneys' fees and costs reasonably incurred.  *See* Ex. B, Complaint, at pg. 20.  Plaintiff also specifically states that the amount demanded exceeds $25,000.  *Id.*

19.     As for lost wages, Plaintiff claims she resigned from her employment on April 24, 2023. *See* Ex. B, Complaint, ¶ 11.  Accordingly, she has been out of work for approximately eight (8) months as of the time this Notice of Removal was filed. At the time of her termination, Plaintiff was a part time non-exempt employee earning $23.30

an hour. Assuming Plaintiff has been unable to find comparable replacement work, Plaintiff's back pay could be as high as $22,368 in lost wages alone ($23.30 x 30 hours x 32 weeks).

20.    While Plaintiff has not specifically stated the amount of non-economic damages in her Complaint, Courts in the Central District have regularly found it appropriate to apply a 1:1 ratio of emotional distress damages relative to economic damages for purposes of calculating the amount in controversy requirement. *See Cotoc v. Dolex Dollar Express, Inc.*, 2021 U.S. Dist. LEXIS 161240, at * 15-16 (C.D. Cal. August 25, 2021) (applying a 1:1 ratio for non-economic damages for calculating amount in controversy in an employment action); *Cuevas v. Lowes Home Ctrs., LLC*, 2020 U.S. Dist. LEXIS 206629, at *14 (C.D. Cal. Aug. 5, 2020) (same); *Garfias v. Team Indus. Servs., Inc.*, 2017 U.S. Dist LEXIS 167370, at *12 (C.D. Cal. Oct. 10, 2017) (same).

21.    As such, a calculation of lost wages and earnings coupled with Plaintiff's purported emotional distress totals $44,736.00.

22.    While Defendant disputes punitive damages are warranted, Plaintiff also seeks punitive damages. *See* Ex. B, Complaint, at pg. 20. While there is no maximum sum, punitive damages typically range from one to four times the amount of actual damages. *See Perez v. CarMax Auto Superstores Cal., LLC*, 2014 U.S. Dist. LEXIS 11130, at * 4-5 (S.D. Cal. Jan. 28, 2014) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)); *See also Mahim Khan v. Hologram USA Inc. et al.*, Case No. BC654017, 2019 Jury Verdicts LEXIS 125655 (Dec. 2, 2019) (Los Angeles jury awarding $50 million in punitive damages in a sexual harassment case). Assuming on the low end that punitive damages are calculated at the same amount of Plaintiff's damages ($44,736.00), Plaintiff's damages exceed the statutory minimum for the amount in controversy requirement.

23.    Finally, Plaintiff also requests "Attorneys' fees and costs incurred." *See* Ex. B, Complaint, at pg. 20. Where the law entitles a plaintiff to recover reasonable

attorney fees, "a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy." *See Brady v. Mercedez-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). Notably, this includes future attorneys' fees. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 795 (9th Cir. 2018); *See Beaty v. BET Holdings, Inc.*, 222 F. 3d 607, 610 (9th Cir. 2000) (referring to a Central District Court's award of attorneys' fees of $376,520 in a sexual harassment case).

24.    Accordingly, based on the significant and varied alleged sources of damages above, Defendant asserts in good faith that the total amount "at stake" for Plaintiff's claims exceeds $75,000.

25.    Consequently, this Court has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this matter may be removed by Defendant pursuant to 28 U.S.C. § 1441(a).

### JOINDER

26.    Defendant is not aware of any other defendant having been served with a copy of Plaintiff's Complaint, and the requirements of 28 U.S.C. § 1446(b)(2)(A) are met.

### NOTICE TO PLAINTIFF

27.    This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

### RESERVATION OF RIGHTS

28.    Defendant denies the allegations contained in Plaintiff's Complaint. Defendant files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

29.    Further, in making the assertions in this Notice of Removal, Defendant does not concede in any way that Plaintiff has alleged causes of action upon which relief can be granted, that the allegations or inferences drawn therefrom are accurate, or that Plaintiff is entitled to recover any amounts sought.

30.    Defendant further reserves the right to amend or supplement this Notice of Removal as appropriate.

WHEREFORE, Defendant respectfully request that this action be removed to the United States District Court for the Central District of California, and the Superior Court of Los Angeles proceed no further with respect to this action.

Respectfully submitted,

Dated:  December 19, 2023         DINSMORE & SHOHL LLP


By:  /s/ *Robert D. Prine*
     Robert D. Prine
     Attorney for Defendants,
     UNITED PARCEL SERVICE, INC.

NOTICE OF REMOVAL

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on December 19, 2023, a true copy of this document was served by electronic mail upon all registered CM/ECF users, and by United States Postal Service upon all non-registered CM/ECF users in this case as indicated below:

Heather Conniff
Cortney Shegerian
Levon Derkalousdian
SHEGERIAN CONNIFF LLP
620 Newport Center Dr., Ste. 380
Newport Beach, CA 92660
T: (310) 322-7500
F: (844) 721-5271
E: hc@shegerianconniff.com
cs@shegerianconniff.com
ld@shegerianconniff.com

I declared under penalty of perjury under the laws of the United States of America that the above is true and correct.

/s/ *Robert D. Prine*
Robert D. Prine