JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ITZEL MENDEZ, <br><br> Plaintiff, <br><br> v. <br><br> UNITED PARCEL SERVICE INC. et al., <br><br> Defendants. | Case No. 2:23-cv-10618-SB-MRW <br><br><br> ORDER REMANDING CASE TO STATE COURT |

    Plaintiff Itzel Mendez, a California citizen, filed a complaint in this employment discrimination case against Defendants United Parcel Service, Inc. (UPS) and Angel Last Name Unknown in Los Angeles County Superior Court on November 17, 2023.  UPS, a citizen of Ohio and Georgia, removed the case asserting diversity jurisdiction on December 19, 2023.  Dkt. No. 1.  On January 12, 2024, Plaintiff served Angel Chacon, previously identified as Angel Last Name Unknown, at his California residence.  Plaintiff now moves to remand.  Dkt. No. 14.  The Court finds this matter suitable for decision without oral argument and vacates the February 9, 2024 motion hearing.  Fed. R. Civ. P. 78; L.R. 7-15.

    Federal courts have subject-matter jurisdiction only over matters authorized by the U.S. Constitution and Congress.  *See e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  This Court has a duty to assess whether federal subject-matter jurisdiction exists and may consider the issue sua sponte at any stage of the proceedings.  *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

A federal district court has original jurisdiction over a civil action when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity means that each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff asserts in her motion to remand that this Court lacks jurisdiction because she and Chacon are both California citizens. Dkt. No. 14. In the parties Joint Rule 26 report, UPS stated that it "does not oppose remanding this matter to state court." Dkt. No. 13. UPS also stated that it intends to file a notice of non-opposition to Plaintiff's motion to remand. *Id*. Because it appears that this Court lacks jurisdiction, and in light of UPS's nonopposition, the Court hereby remands this case to the Los Angeles County Superior Court.

Date: January 18, 2024

Stanley Blumenfeld, Jr.
United States District Judge